IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NYOKA WURTS, ADMINISTRATOR OF THE ESTATE OF SALLY KAY

    Plaintiff,

v.            CIVIL ACTION NO. 2:19-cv-00100

BRANCH BANKING AND TRUST COMPANY, et al.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion to Dismiss / Strike the Woman's Club of Charleston and Ann Calvert as Party Defendants in the amended Complaint [ECF No. 13], which the court construes as a Motion to Strike under Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons stated below, the Motion is **GRANTED**.

### I. Background

The plaintiff, as the Administrator of the Estate of Sally Kay, brought this case pursuant to W. Va. Code § 55-13-4 seeking a declaratory judgment regarding the validity of Sally Kay's Trust Agreement [ECF No 1-1]. The original Complaint was filed in the Circuit Court of Kanawha County on December 19, 2018, naming only Branch Banking and Trust Company ("BB&T"), the trustee under the Trust Agreement, as the defendant. In the Complaint, the plaintiff claims that the Trust Agreement fails to comply with the requirements of Chapter 41 of the West Virginia

Code: Wills. *See* W. Va. Code § 41-1-1, *et seq*. On February 8, 2019, the defendant removed this action on the basis of diversity jurisdiction. [ECF No. 1]. On March 6, 2019, the plaintiff filed a Motion to Remand. [ECF No. 8]. On March 7, 2019, the very next day, the plaintiff timely filed an Amended Complaint joining two non-diverse defendants as additional defendants to the Complaint, the Woman's Club of Charleston and Ann Calvert. [ECF No. 11].

II. Discussion

Under 28 U.S.C. § 1447(e), when the plaintiff seeks to join a new defendant after removal and the joinder would destroy subject matter jurisdiction, a court "may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The district court has discretion as to "the actual decision on whether or not to permit joinder of a defendant under these circumstances." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *see also* 28 U.S.C. § 1447(e). A district court has the authority to reject a post-removal joinder that implicates § 1447(e) even where, as here, the joinder was without leave of court. *Mayes*, 198 F.3d at 462 n.11.

In deciding whether an amended complaint to join non-diverse defendants after removal to federal court under diversity jurisdiction is proper, the court considers all relevant factors in the case. *Id.* at 426. Specifically, the court looks to "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (quoting *Gum v. General Electric Co.*, 5 F. Supp.

2

2d 412, 415 n.8 (S.D. W. Va. 1998)). A district court is correct to carefully scrutinize an "attempt to add a non-diverse defendant after removal," particularly when the "plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place." *Id.* at 463. In those situations, "district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Id.*

In analyzing the first factor, whether the purpose of the joinder of the defendants is to defeat jurisdiction, the facts weigh against the plaintiff. Here, the plaintiff amended the complaint to add the non-diverse defendants the day after filing the Motion to Remand, before any discovery had taken place. *See id.* at 463; *Gum*, 5 F. Supp. 2d at 414; *Skeens v. Mut. of Omaha Ins. Co.*, No. 2:12-CV-5049, 2013 WL 1584291, at *3 (S.D. W. Va. Apr. 12, 2013) (noting the significance of adding non-diverse defendants before discovery has taken place). The plaintiff filed the original Complaint on December 19, 2018. The plaintiff did not file the Amended Complaint adding the non-diverse defendants until March 7, 2019, the day after filing a Motion to Remand and almost three months after filing the original Complaint. Notably, the plaintiff knew of the existence of the additional non-diverse defendants from the outset of filing the original Complaint because the Woman's Club of Charleston and Ann Calvert are both listed as the trust beneficiaries in the trust agreement. Thus, because the Amended Complaint was filed before discovery, there was nothing new alerting the plaintiff to these two defendants. The plaintiff delayed adding the new non-diverse defendants until the day after filing the Motion to Remand.

3

In addition, no new cause of action is stated by the plaintiff against the new defendants, which indicates the plaintiff sought to add the additional parties for the purpose of destroying diversity jurisdiction. Rather, the plaintiff applies the cause of action against the defendant BB&T regarding the validity of the Trust Agreement. The plaintiff simply states that Ms. Calvert and the Woman's Club of Charleston "are the real and substantial parties to this suit from the defense perspective as they are named distributees." Pl.'s Mem. Mot. Remand [ECF No. 9] 3. However, given that the trustee is in charge of the trust and in charge of defending claims against the trust, *see* W.Va. Code § 44D-8-811 ("A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust."), applying the claims here against the trustee to the trust beneficiaries without explanation is without merit. Therefore, it appears the additional non-diverse defendants, Ms. Calvert and the Woman's Club of Charleston, were added for the purpose of defeating diversity jurisdiction.

However, the second factor, whether the plaintiff was dilatory in asking for amendment, weighs in favor of the plaintiff. The plaintiff filed the amended complaint as of right, without leave of court. The plaintiff was not dilatory in filing the amended complaint because the plaintiff filed it within the time period of 21 days. *See* Fed. R. Civ. P. 15(a). The Answer to Complaint was filed by the defendant BB&T on February 15, 2019. The Amended Complaint was filed by the plaintiff on March 7, 2019. Therefore, this factor weighs in favor of the plaintiff.

The third factor, whether the plaintiff will be significantly injured if the amendment is not allowed, also weighs against the plaintiff. The plaintiff has not

4

stated any additional claims against the new defendants, the trust beneficiaries. Rather, the plaintiff appears to apply the claim against the trustee, BB&T, also against the trust beneficiaries. Therefore, the plaintiff is unlikely to be injured if the additional defendants are not joined.

"The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Mayes*, 198 F.3d at 463. Though the plaintiff was not dilatory in amending the Complaint, the other factors weigh against the plaintiff. In balancing the equities between the plaintiff and the defendant BB&T, this court declines to permit joinder of the additional defendants, Ms. Calvert and the Woman's Club of Charleston. "Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's 'interest in keeping the action in federal court,'" *Mayes*, 198 F.3d at 463 (quoting *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990)). The plaintiff has not overcome the defendant BB&T's interest in keeping this action in federal court.

### III. Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss / Strike [ECF No. 13] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: August, 23 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE