IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NYOKA WURTS, ADMINISTRATOR OF THE ESTATE OF SALLY KAY

    Plaintiff,

v.                                CIVIL ACTION NO. 2:19-cv-00100

BRANCH BANKING AND TRUST COMPANY,

    Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Remand [ECF No. 8]. For the reasons that follow, the Plaintiff's Motion is **DENIED**.

I.    Background

The plaintiff, Nyoka Wurts, Administrator of the Estate of Sally Kay, brought this case pursuant to W. Va. Code § 55-13-4 seeking a declaratory judgment against BB&T regarding the validity of Sally Kay's trust agreement. Compl. [ECF No 1-1] 8–9. The Sally Anne Kay Revocable Trust was created pursuant to the laws of West Virginia with Sally Kay as the grantor and BB&T as the trustee [ECF No. 1-1] 23. The plaintiff, Nyoka Wurts, is a resident of West Virginia. [ECF No. 1]. The defendant and trustee, BB&T, is a North Carolina corporation with its principal place of business in North Carolina. *Id.* The plaintiff has moved to remand this action to the Circuit Court of Kanawha County, West Virginia, arguing the court lacks subject

matter jurisdiction because the parties are not diverse. [ECF No. 8]. The amount in controversy is not in dispute.

The issue before the court is whether the Sally Anne Kay Revocable Trust is a traditional trust, and if so, whether the citizenship of a traditional trust is determined by the trustee of the trust.

## II. Legal Standard

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). "Diversity jurisdiction is typically determined from the face of the plaintiff's well-pled complaint." *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 402 (S.D. W. Va. 2005). The statute authorizing diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332 (2006); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The party seeking removal "bears the burden of proof, by a preponderance of the evidence, to show the parties' citizenship to be diverse." *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, 822 F.3d 739, 748 (4th Cir. 2016).

## III. Discussion

### a. Defining a Traditional Trust

The plaintiff first argues that the Sally Anne Kay Revocable Trust is not a "traditional trust." Pl.'s Mot. Remand [ECF No. 8] 1.

A trust is a "fiduciary relationship with respect to property," where the settlor,

2

the person who creates the trust, gives legal title of the trust property to the trustee for the benefit of the trust beneficiaries, who hold equitable title to the trust property. *See* Restatement (Second) of Trusts § 2 (1959); *see also* Restatement (Third) of Trusts § 2 (2003). A traditional trust is typically a donative transfer created to pass personal or family wealth, and the grantor receives no compensation. S.I. Strong, Congress and Commercial Trusts: Dealing with Diversity Jurisdiction Post-Americold, 69 Fla. L. Rev. 1021, 1037 (2017). "Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). Thus, "such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name." *Id.* In *Americold*, the trust in question was a real estate investment trust, a distinct legal entity with shareholders created pursuant to Maryland law, which happened to call itself a trust. *Id.* at 1015–16. However, merely calling something a trust does not make it a trust in the traditional sense. *See id.* In contrast, a traditional trust operates through its trustee and is not a separate legal entity. *See id.*[1]

---

[1] The trend among circuit courts has also been to distinguish a traditional trust as a fiduciary relationship created by a trust agreement and not a separate entity; this is in contrast to an artificial legal entity which calls itself a trust. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722, 731 (2d Cir. 2017) (traditional trusts are trusts establishing only fiduciary relationships, different from "the variety of unincorporated artificial entities to which states have applied the 'trust' label, but which have little in common with traditional trusts;" the trustee holds power over the trust administration, and only the trustee, not the trust, can be haled into court.); *Wang by & through Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495 (D.C. Cir. 2016) (finding *Americold* and the Second Restatement of Trusts provide that a traditional trust "generally describes a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law;" a traditional trust "lacks juridical person status," which is "determined by reference to the law of the state where the trust is formed."); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018) (determining that "traditional trusts such as the one at issue here—as opposed to so-called 'business trusts,' which are a newer invention—were not considered distinct legal entities at common law, and hence cannot

In this case, I find the Sally Anne Kay Revocable Trust is a traditional trust. Sally Kay, as settlor, transferred property to the trustee, BB&T, pursuant to a trust agreement. [ECF No. 1-1]. The trust agreement describes the duties and powers of the trustee to distribute the trust during the settlor's lifetime and, upon the settlor's death, to distribute the trust property to the trust beneficiaries. *Id.* The trust represents a donative transfer to the trust beneficiaries. *See id.*; *see* S.I. Strong, *Congress and Commercial Trusts: Dealing with Diversity Jurisdiction Post-Americold*, 69 Fla. L. Rev. 1021, 1037 (2017). As trustee, BB&T became the fiduciary of the trust and has fiduciary duties and powers under West Virginia law to the trust, including the duty of prudent administration, the duty of loyalty, and the duty of impartiality. *See* [ECF No. 1-1]; *see generally* W.Va. Code §44D-8. The West Virginia Code did not confer juridical person status on the Sally Anne Kay Revocable Trust Agreement. *See Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). Thus, the trust here is not a separate legal entity that can be haled into court. *See Americold*, 136 S. Ct. at 1016; *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722, 731 (2d Cir. 2017). The trust is not like the real estate investment trust in *Americold*, which was created under Maryland law as a distinct, unincorporated legal entity with shareholders. *See Americold*, 136 S. Ct. at 1016. The trust is an agreement between Sally Kay and BB&T to create a traditional trust, which establishes a fiduciary relationship and operates through the trustee. *See* [ECF

---

sue or be sued in their own name."); *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) (determining that "because the code does not confer 'juridical person status' on a trust itself … the trusts are traditional trusts…").

4

No. 1-1]; *Americold*, 136 S. Ct. at 1016; *Loubier*, 858 F.3d at 722; *Wang by & through Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495 (D.C. Cir. 2016).

### b. Citizenship of a Traditional Trust

The plaintiff contends that the defendant and trustee, BB&T, is not the "real and substantial party to this suit for purposes of diversity jurisdiction." Pl.'s Mem. Mot. Remand [ECF No. 9] 3. According to the plaintiff, the trustee, BB&T, "should be in a winding down period preparing for distribution to the named distributees and the termination of the trust." Pl.'s Mot. Remand [ECF No. 8] 1. Therefore, the plaintiff argues the citizenship of the trustee should not be considered for purposes of diversity jurisdiction. Pl.'s Mem. Mot. Remand [ECF No. 9] 3.

Historically, there has been widespread confusion regarding the citizenship of trusts for purposes of diversity jurisdiction. *See Americold*, 136 S. Ct. at 1016; *Zoroastrian Center*, 822 F.3d 739, 749. However, the Court stated in *Americold* that because a traditional trust is not a distinct legal entity, "there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Americold*, 136 S. Ct. at 1016. Therefore, "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Id.* (citing *Navarro Savings Assn. v. Lee,* 446 U.S. 458, 462–66 (1980)).

The Fourth Circuit chose to leave the question open as to whose citizenship counts for purposes of diversity jurisdiction for a trust. *See Zoroastrian Center*, 822 F.3d at 749–50. However, I find the citizenship of the trustee is what matters for purposes of diversity jurisdiction of a traditional trust because it is not a separate legal entity.

5

Rather, a traditional trust is merely an agreement between the settlor and trustee, creating a fiduciary relationship where the trustee holds legal title to the trust property for the benefit of the trust beneficiaries. *See Americold*, 136 S. Ct. at 1016. In addition, every other circuit court that has approached this issue post *Americold* is trending this way.[2] *See Loubier*, 858 F.3d at 722; *Wang*, 843 F.3d at 495; *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *Bynane v. Bank of New York Mellon*, 866 F.3d 351, 356 (5th Cir. 2017); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 32 (3d Cir. 2018); *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1228 (9th Cir. 2019); *Alliant*, 924 F.3d at 1143. Thus, the plaintiff's arguments that BB&T's citizenship should not be considered because it is not the real and substantial party and the trust is winding down are without merit. In addition, the

---

[2] The Fourth Circuit declined to answer the question of how to determine the citizenship of a traditional trust for purposes of diversity jurisdiction. *See Zoroastrian Center*, 822 F.3d at 749–50 ("We need not resolve those questions now…"). However, other circuit courts have decided that for a traditional trust, the citizenship of the trustee is what matters for purposes of diversity jurisdiction. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017) (holding that for proceedings involving a traditional trust, it is "the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity" because only the trustee, not the trust can be haled into court.); *Wang by & through Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016) (establishing that "the citizenship of a traditional trust depends only on the trustees' citizenship."); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018) (concluding that "as the Supreme Court repeatedly has explained, when a trustee of a traditional trust 'files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.'" (quoting *Americold*, 136 S.Ct. at 1016)); *Bynane v. Bank of New York Mellon*, 866 F.3d 351, 356 (5th Cir. 2017) (holding that the citizenship of the trustee, Bank of New York Mellon, not the shareholders of the trust, is what mattered for diversity jurisdiction where the trustee has sued or been sued and the party is an active trustee whose control over the assets of the trust is real and substantial.); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 32 (3d Cir. 2018) (considering *Americold*, "we conclude that the citizenship of a traditional trust is based only on the citizenship of its trustee."); *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1228 (9th Cir. 2019) (determining that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." (quoting *Americold*, 136 S.Ct. at 1016)); *Alliant*, 924 F.3d 1134, 1143 (11th Cir. 2019) (holding "a 'traditional trust' holds the citizenship of its trustee, not of its beneficiaries.").

plaintiff voluntarily chose to sue BB&T, who is the correct defendant in an action involving a traditional trust because BB&T is the trustee.[3]

Therefore, I find the Sally Anne Kay Revocable Trust is a traditional trust whose citizenship is determined by the trustee, BB&T. The plaintiff, Nyoka Wurts, is a citizen of West Virginia. The defendant, BB&T, is a citizen of North Carolina. Complete diversity exists. The court may exercise diversity jurisdiction under 28 U.S.C. § 1332.

## IV. Conclusion

For the foregoing reasons, the plaintiff's Motion for Remand [ECF No. 8] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party. The court further DIRECTS the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: August 26, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] The West Virginia Code supports that BB&T is the real party to this case as trustee and defendant because the code specifically states "[a] trustee shall take reasonable steps…to defend claims against the trust." W.Va. Code §44D-8-811.